UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden,     #199135, | ) C/A No.3:11-2394-JMC-JRM |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| The State of South Carolina; Henry McMaster, South Carolina Attorney General, | ) |
| Respondents. | ) |

Petitioner, Bernard McFadden, is a state prisoner, incarcerated in the South Carolina Department of Corrections' Kershaw Correctional Institution. Petitioner, proceeding *pro se* and *in forma pauperis*, files the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed without prejudice.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v.*

1

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, it plainly appears that the instant Petition is subject to summary dismissal.

## BACKGROUND

Petitioner is seeking to challenge his November 19, 2010 conviction and fifteen (15)-year sentence for burglary second degree in Sumter County General Sessions Court. Petitioner previously filed a § 2254 petition in this Court on April 26, 2011, challenging this same state court conviction and sentence. The instant Petition is a duplication of Petitioner's pending § 2254 petition in that case, *McFadden v. Warden of Kershaw Correctional Institutur*, C/A No. 3:11-959-JMC-JRM (D.S.C.).[1] In C/A 11-959, the undersigned United States Magistrate Judge entered a Report and Recommendation (ECF No. 12), on June 17, 2011, recommending summary dismissal of the petition, without prejudice and without requiring Respondent to file a return, based on Petitioner's failure to exhaust his state court remedies. Petitioner filed Objections to the Report and Recommendation (ECF No. 17), on July 18, 2011. In the instant Petition and in his petition in C/A No. 11-959, Petitioner alleges, under a section in his pleading labeled "Exhaustion State Court Remedies," that:

> [i]n furtherance of a conspiracy to now secure his unlawful conviction by preventing appellate review, the Notice of Appeal [in Petitioner's state court criminal case] was deliberately not timely filed by Attorney Brunson. Remittitur was sent back down to the lower court on February 7, 2011, after no petition reinstating this appeal was pursued by Mr. Brunson. . . . Petitioner presented this very same petition to the S.C. Supreme Court; it was denied. . . . Petitioner next filed this Petition in the United States District Court on the date reflected thereon the Proof of Mailing shown on the very next page, page # 9, under the Relief section.

ECF No. 1, p. 8; C/A No. 11-959, ECF no. 1, p. 8. In the instant case, as in C/A No. 11-959, Petitioner does not allege that he filed an action in the state court for post-conviction relief (PCR)

---

[1] The Court takes judicial notice of Petitioner's prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

3

in connection with his November 19, 2010 conviction.  This Court took judicial notice in C/A No. 11-959 that the Sumter County Third Judicial Circuit Public Index records indicate that there is no post-conviction relief case related to Petitioner's November 19, 2010 conviction.  In the instant case, this Court again takes judicial notice that Petitioner has not filed a state court PCR case related to the challenged conviction/sentence.[2]  *See* http://www.sumtercountysc.org/publicindex/ (enter "Bernard McFadden" and "search public index") (last visited September 20, 2011).

## DISCUSSION

Following a careful review of the allegations contained in the Petition and attachments filed in this case, the undersigned finds that the instant Petition is duplicative of the petition previously filed and currently pending in the case entitled *McFadden v. Warden of Kershaw Correctional Institution*, C/A No. 3:11-959-JMC-JRM (D.S.C.), in which Petitioner is already challenging his November 19, 2010 state conviction.  The Petition in the instant case appears to be an identical copy of the petition in C/A No. 11-959, including the attached photographs, which Petitioner alleges demonstrate falsified evidence in his state court criminal case.  The only difference between the instant Petition and the petition in C/A No. 11-959 (aside from the dates on the "proof of mailing" pages and the fact that Petitioner included a cover letter with the instant Petition) is that, in the instant case, Petitioner added an eight (8)-page document entitled "Petition, Application With Memorandum Of Law, Affidavit In Support With (10) Pictures Attached And Motion For Retention of Court Reporter's Tapes Until Review Of Trial Transcript," in which Petitioner more specifically

---

[2] *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (federal courts may take judicial notice of proceedings in other courts of record); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

enumerates the grounds raised in C/A No. 11-959, setting forth five (5) "issues" labeled as "Petitioner/Applicant's Allegations." *See* ECF No. 1-2, p. 1 - 8. Petitioner's expanded allegations are: (1) perjured testimony of Det. Irene Culick; (2) erroneous trial court ruling that Petitioner's August 1995 burglary conviction could be used for impeachment; (3), (4), and (5) ineffective assistance of counsel in - failing to determine that Petitioner's prior burglary conviction was more than ten years old, failing to timely file a notice of intent to appeal, and failing to move to suppress evidence or dismiss the indictment. In the instant case, just as in C/A No. 11-959, Petitioner asserts a "Doctrine of Extention (sic)/Bad Faith And Harassment Exceptions" in which he appears to argue that his federal habeas case presents special circumstances warranting this Court's review, prior to Petitioner's filing of a state court PCR action, because the state process will be ineffective to protect his rights. Petitioner alleges here, as he does in C/A No. 11-959, that he will suffer "irreparable injury" because the court reporter will destroy his trial tapes, so that errors will not be detectable. The Report and Recommendation in C/A No. 11-959 addresses these same allegations and finds that adequate safeguards exist in the state court system to preserve case records and that Petitioner's conclusory assumptions do not allege an absence of available state corrective process, or the existence of circumstances which render such process ineffective to protect Petitioner's rights. *See* 28 U.S.C. § 2254(b)(1)(B). This Court will not entertain two separate, virtually identical § 2254 habeas corpus petitions filed by the same Petitioner, seeking to challenge the same state court conviction, alleging the same constitutional violations, and involving the same parties.[3] To do so would fly in the face of the important interests of judicial efficiency and economy. As the United

---

[3] Petitioner names "The State of South Carolina and Henry McMaster, [former] South Carolina Attorney General," as respondents in the instant case. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Plaintiff is already being afforded a full and fair opportunity to litigate the allegations in the instant habeas corpus petition within the appropriate confines of applicable court procedures in his already pending habeas corpus case, *McFadden v. Warden of Kershaw Correctional Institution*, C/A No. 3:11-959-JMC-JRM (D.S.C.).

## RECOMMENDATION

Accordingly, it is recommended that the instant duplicate petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return in this case. **Petitioner's attention is directed to the important notice on the next page.**

September 26, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).