# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Bernard McFadden, #199135, ) | |
| ) | Civil Action No.: 3:11-2394-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| The State of South Carolina; Henry ) | |
| McMaster, South Carolina Attorney ) | |
| General, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 8] regarding Petitioner Bernard McFadden's ("Petitioner") Petition for a Writ of Habeas Corpus [Dkt. No. 1]. Petitioner is a state prisoner incarcerated in the South Carolina Department of Corrections' Kershaw Correctional Institution, and he seeks habeas relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge's Report, filed on September 26, 2011, recommends that the petition be summarily dismissed without prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific

1

objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner timely filed objections [Dkt. No. 10] to the Magistrate Judge's Report. Specifically, Petitioner objected to the Magistrate Judge's determination that the instant petition is duplicative of a petition previously filed and recently denied in a case entitled *McFadden v. Warden of Kershaw Correctional Institution*, Civil Action No. 3:11-00959-JMC (D.S.C. June 20, 2012) ("C/A 11-959"). In that case, Petitioner filed a § 2254 motion challenging his November 19, 2010, conviction for burglary in the second degree. Petitioner alleged that there was an ongoing, 10-year long conspiracy to incarcerate him involving law enforcement officers, who planted evidence and staged the crime scene; Petitioner's attorney, who deliberately delayed filing the Notice of Appeal causing Petitioner to forfeit his right to appeal; judicial officials, who made erroneous rulings; and a court reporter, who altered his trial transcript. Report and Recommendation, C/A 11-959 [Dkt. No. 12 at 2-3]. The Magistrate Judge recommended that Petitioner's motion be dismissed without prejudice because Petitioner had not exhausted his state court remedies. *Id.* at 7 (citing 28 U.S.C. § 2254(b) and *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'")). In addition, the Magistrate Judge found no extraordinary circumstances in the case that would allow a federal court to hear the motion before Petitioner had exhausted his state remedies. *Id.* at 6. This court issued its

2

order [Dkt. No. 19] adopting the Magistrate Judge's Report and Recommendation on June 6, 2012.

In the instant petition, the Magistrate Judge determined that the claims raised were duplicative of the § 2254 motion then pending in C/A 11-959. Report and Recommendation, *McFadden v. the State of South Carolina, et al*, Civil Action 3:11-cv-02394-JMC [Dkt. No. 8]. The Magistrate Judge took judicial notice that, at the time the Report was filed[1], Petitioner had not filed a state court Post Conviction Relief (PCR) case related to the challenged conviction.[2] *Id. at 4*. The Magistrate Judge also found that no special circumstances warranted federal court review before the state process was exhausted, noting the existence of adequate safeguards in the state court system to preserve case records and protect Petitioner's rights. *Id. at 5*. The Magistrate Judge recommended dismissing the petition without prejudice and without requiring Respondent to file a return on the grounds that the court would "not entertain two separate, virtually identical § 2254 habeas corpus petitions filed by the same Petitioner, seeking to challenge the same state court conviction, alleging the same constitutional violations and involving the same parties." *Id.* at 5 (citing *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

In his objection, Petitioner distinguishes the instant petition from the previous petition on the basis of four (4) additional issues raised in this petition, as well as five (5)

---

[1] The Report and Recommendation was filed on September 26, 2011.

[2] This court takes judicial notice that Petitioner has since filed a claim for Post-Conviction Relief. *See* http://publicindex.sccourts.org/sumter/publicindex/PISearch.aspx. The most recent activity in that case appears to be an Amended Petition and Memorandum of Law in Support of Petitioner's PCR claim filed on November 13, 2012.

additional photograph exhibits allegedly proving that the crime scene had been staged. However, the Magistrate Judge correctly determined that the second petition was duplicative, viewing Petitioner's additional four (4) issues as doing nothing more than specifically enumerating the claims raised in C/A No. 11-959.  Ultimately, these claims challenge the same state court conviction and sentence as challenged in the previous motion.  As discussed in both petitions, a federal court may not hear these claims unless the petitioner has exhausted his state remedies absent extraordinary circumstances.  The case is now finally in its proper venue in state court awaiting an outcome.  For these reasons, this court "may not retain the case on its docket, pending exhaustion, but should dismiss the petition."  *Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981).

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report [Dkt. No. 8] and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529

U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

November 20, 2012
Greenville, South Carolina