**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Bernard McFadden, #199135, ) | |
| ) | Civil Action No. 3:11-2394-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| The State of South Carolina; Henry ) | |
| McMaster, South Carolina Attorney ) | |
| General, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court on Petitioner Bernard McFadden's ("Petitioner") Motion to Alter or Amend Judgment ("Motion") [Dkt. No. 14], filed on December 4, 2012. The court entered Judgment in this case on November 20, 2012 [Dkt. No. 12], after issuing an Order [Dkt. No. 11] adopting the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 8], which dismissed Petitioner's Petition for a Writ of Habeas Corpus ("Petition") [Dkt. No. 1]. The Petition sought habeas relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended dismissal of the Petition without prejudice because it was duplicative of another petition for the same claim and because Petitioner had not exhausted his state court remedies. Petitioner objects to the dismissal and has listed "Additional Extraordinary Reasons," which he claims make it proper to remove the case to federal court before exhausting state court remedies. For the reasons set forth within, the court **DENIES** Petitioner's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed his *pro se* Petition on September 8, 2011, seeking habeas relief from his state court conviction and fifteen (15) year sentence for burglary in the second degree [Dkt. No.

1

1]. The Report, issued on September 26, 2011, includes a thorough recitation of the relevant facts and legal standards concerning a § 2254 action, which the court incorporates by reference here. The Report recommended dismissal of the Petition without prejudice because the Petition was a duplicate of another petition arising out of the same underlying criminal case, making the same claims under § 2254 and already pending before this court. (Case No. 3:10-cv-00959-JMC). After the Report was filed, Plaintiff submitted timely objections to the Report ("Objections"), [Dkt. No. 10], arguing that the Petition was not a duplicate of the other pending petition, and also that there was an "[e]xtraordinary [r]eason for the [c]ourt's [i]ntervention" in this case because Petitioner's bond in the original criminal case had been increased from ten thousand dollars ($10,000) to fifty thousand dollars ($50,000). After review of the Objections, the court issued its Order accepting the Report, stating that "the Magistrate Judge correctly determined that the second petition was duplicative." [Dkt. No. 11]. The court entered judgment dismissing the action without prejudice on November 20, 2012.

In his Motion, Petitioner argues that he has extraordinary reasons, discovered after he filed his post conviction relief case ("PCR") with the state court (Case No. 2011-cp-43-1952), which entitle him to expedited federal review. These additional reasons are: (1) that Sumter County Magistrate Judge George Gibson acted in bad faith by raising Petitioner's surety bond from ten thousand dollars ($10,000) to fifty thousand dollars ($50,000) in the underlying state criminal case; (2) that his Motion to Amend or Alter Judgment from the duplicate case outlining the complaints in his PCR should be reconsidered; (3) that the incomplete trial court transcripts prevented review of witness Albertus Lewis's testimony concerning a particular phone conversation; and (4) that witness Catherine (Myers) Anderson was released by Attorney Brunson because she was allegedly confused about her ongoing testimony.

**STANDARD OF REVIEW**

A court may alter or amend a judgment if the movant shows: (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

In order to remove a habeas case to federal court before exhausting state court remedies, Petitioner must demonstrate extraordinary reasons for the removal. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). As a general federalism policy, federal courts should not disrupt state proceedings or the state's role in crime enforcement. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *Id.* (citing *Darr v. Burford*, 339 U.S. 200, 204, (1950)). "The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

**DISCUSSION**

As discussed, one of the grounds for altering or amending judgment is if the movant shows there is an intervening change in the controlling law. *Robinson*, 599 F.3d at 407.

3

Petitioner has not raised any arguments regarding controlling law or alleged any change in law, so this ground does not apply to the instant analysis.

Next, Petitioner's Motion only includes claims and arguments that Petitioner made to the court prior to its issuance of the Order.[1]  Therefore, Petitioner has failed to demonstrate new evidence in his Motion.  Additionally, Petitioner has not shown that he will suffer a manifest injustice as a result of the court's Order or that the court's Order was a clear error of law.  Finally, Petitioner's arguments do not demonstrate that there is no opportunity to obtain relief in state court or that the state post-conviction process is "so clearly deficient as to render futile" Petitioner's efforts.  *Duckworth*, 454 U.S. at 3.

For instance, Petitioner alleges that Sumter County Magistrate Judge George Gibson acted in bad faith when he increased Petitioner's bond.  Petitioner claims the state court heard testimony that the crime scene was staged to harass Petitioner and thus the increased bond was unwarranted.  By Petitioner's own claim, the state court has heard this evidence in its process, which is still ongoing.  Moreover, bond amounts and other conditions of release may be amended after they are issued. S.C. Code Ann. § 17-15-50 (1976).  This issue can be sufficiently addressed by the state courts, therefore it does not meet the standard required for removal to federal court before exhausting state remedies.

Petitioner also states that receipt of an incomplete transcript prevents any review of Albertus Lewis's testimony regarding a phone conversation that may relate to certain blood

---

[1] The second extraordinary reason presented by Petitioner directs the court's attention to the Rule 59(e) Motion and its exhibits from Petitioner's duplicate case, which addressed the same underlying issue and was dismissed for failure to exhaust state remedies. (Case No. 3:11-cv-959-JMC [Dkt. No. 22]).  That motion was already denied by this court.  Presumably, Petitioner is now requesting that the court reconsider its decision regarding that motion.  However, it is not proper for this court to reconsider the claims and circumstances addressed within that Rule 59(e) Motion in this Order.  Moreover, Petitioner's reference to that motion draws the court's attention to the fact that this is the fourth time the court has considered this issue.

evidence. Again, Petitioner does not show that the state court cannot adequately consider this argument. It does not rise to the level of an extraordinary circumstance that would warrant accelerated removal to federal court before exhausting state court remedies.

Petitioner's final claim appears to be that the court erred by releasing Catherine Myers as a witness after she appeared to be confused about her testimony. Judicial discretion regarding the admittance of evidence, including testimony, is granted by South Carolina Rules of Evidence 403 and 611(a). These rules state that the court may exclude relevant evidence if it may create confusion for the jury or cause undue delay. Given that this issue is covered by state rules and procedures, it can be addressed by the state courts and does not satisfy the criterion for extraordinary circumstances that would allow removal to federal court before the exhaustion of state remedies.

Petitioner's Motion lists "Additional Extraordinary Reasons" he discovered after filing for PCR in the state court. However, these reasons do not meet the standard required for extraordinary circumstances, and therefore can be adequately addressed by the state courts.

Accordingly, it is therefore **ORDERED** that the Petitioner's Motion to Amend or Alter Judgment is **DENIED** without prejudice.

   **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 3, 2013

5